DECISION
Plaintiff has appealed Defendant's denial of her application for Western Oregon Designated Forestland special assessment for the 2010-11 tax year. Trial on the matter was held by telephone on June 1, 2011. Plaintiff appeared on her own behalf. Also appearing and testifying for Plaintiff was Rick Stringfield (Stringfield), a friend who is knowledgeable about foresting. Defendant was represented by Karla Hartenberger (Hartenberger), exemption specialist and real property appraiser, Multnomah County Assessor's office.
 I. STATEMENT OF FACTS
Plaintiff owns approximately 2.5 acres of land in the Portland metropolitan area, within the city limits. The property is identified in the Assessor's records as Account R238458. Plaintiff and her husband purchased the property from her father-in-law in 1994 and, after having the property surveyed, had a home built on the property in a location that the City of Portland determined would allow for future development (additional homesites). Plaintiff and her husband moved into the home in 1996. Plaintiff's husband died the following year, and Plaintiff has continued to live on the property. The city's determination for the location of the home was based on the then-current zoning, R10, which allowed for the establishment of developable lots *Page 2 
on a minimum of 10,000 square feet.[1] Plaintiff testified that she has no plans to develop the subject property.
The property is in the hills and heavily treed. According to the undisputed testimony, some of trees on the property are not in good health; others are dead; and others have been blown down by the wind and are either leaning on other trees or lying on the ground. Around 2003, a tree fell on Plaintiff's garage. Plaintiff had the tree removed in order to repair the garage. Because of the poor condition of some of the trees on the property, Plaintiff has concerns for the safety of herself and others who come onto her land, including her grandchildren.
Plaintiff has not planted any trees on the property since her purchase in 1997, and has not cut down any trees, except for the one that fell on her garage. Plaintiff testified that she does not have plans to cut trees in the future except those that must be removed for safety reasons. Plaintiff and Stringfield both testified that Plaintiff simply intends to "maintain her forest." Stringfield later testified that Plaintiff plans to "protect the forest" and "preserve the environment."
In October 2007, the city changed the zoning for Plaintiff's property from R10 to R10P. According to the testimony of the parties, the "P" is a designation for an environmental protection overlay. Hartenberger testified that the environmental protection zone overlay makes the removal of trees very difficult, and that a property owner with land so zoned must go through a more restrictive "Type 2" review process. According to a March 9, 2011, letter from the City of Portland, Bureau of Development Services, Land Use Services, the environmental protection zoning "is a very restrictive designation, where development is permitted through a discretionary review, [and] only * * * under extenuating circumstances." (Def's Ex D at 1.) The goal of the environmental protection zone is to conserve "important resources." (Def's Ex G.) *Page 3 
The question before the court is whether Plaintiff's use of the property qualifies for forestland special assessment or whether Defendant was correct in denying Plaintiff's application based on its determination that Plaintiff's predominant intent and purpose for the use of the land is not the growing and harvesting of trees of a marketable species, as required by the statute. Defendant argues that Plaintiff has acknowledged that she has no intention of removing any trees unless circumstances require the removal of tree (e.g., a tree dies or is blown down in a windstorm).
 II. ANALYSIS
Oregon law provides for the special assessment of qualifying forestland in western Oregon. See generally
ORS 321.257 to ORS 321.390.[2] The statute provides in relevant part:
 "(2) `Forestland' means land in western Oregon that is being held or used for the predominant purpose of growing and harvesting trees of a marketable species and has been designated as forestland or land in western Oregon, the highest and best use of which is the growing and harvesting of trees."
ORS 321.257(2) (emphasis added).
The legislature has declared that the purpose of the forestland special assessment program is "[t]o establish a special assessment program as a means of * * * [r]ecognizing the long-term nature of the forest crop and fostering the public policy of Oregon to encourage the growing and harvesting of timber." ORS 321.262(2) (emphasis added).
Thus, both the statute defining forestland and the stated legislative purpose behind the forestland special assessment statutes is to encourage harvesting of trees, which have come to be viewed as a crop.
The court agrees with Defendant that Plaintiff's property does not qualify for forestland special assessment because the "predominant purpose" behind Plaintiff's ownership and use of the subject property, a 2.5 acre parcel where Plaintiff built the home she currently lives in, is to *Page 4 
enjoy and protect the forest, and to preserve the environmental ecosystem. While those objectives are laudable, such use of one's land does not meet the legal requirements for forestland special assessment. The pertinent language in the statute, set forth above, requires that the property be "held or used for the predominant purpose of growing and harvesting trees of a marketable species," not maintaining a forest and occasionally cutting a tree when the forces of nature, or the process of time, require that a tree be removed.
Plaintiff does have a forest management plan in place, but that plan provides that the purposes are to "[m]anage, maintain and protect the forest as a mature multispecies softwood and hardwood canopy for the benefits of the citizens of Portland * * * [and to] [p]rotect the natural ecosystem, wildlife habitat, riparian zone, and other important resources." (Ptf's Ex 1). That plan goes on to state that "[t]he objective is to grow a healthy forest and commercially harvest only the trees that are dead, diseased, insect infested, or blown down[.]" The language of that plan is consistent with Plaintiff's testimony, and that of her friend Stringfield, that trees will only be cut when necessary.
Plaintiff argues that the environmental protection zone overlay imposed by the current zoning does not prohibit Plaintiff from cutting trees. Plaintiff also notes that she has a permit to remove trees. Plaintiff argues that, in response to an application she filed to have the property specially assessed as "open space," the city stated in a letter that it did not object to Plaintiff receiving a reduction in property taxes. (Def's Ex D at 2.) Plaintiff further argues that she has no plan to subdivide the property. While all of those statements may be true, that is not enough to qualify property for forestland special assessment.
Plaintiff pleaded for the court to overturn Defendant's denial of her forestland special assessment application due to the reasons stated above and the fact that she cannot afford the taxes on the property. Plaintiff has been approved for another special assessment program (open space) for the subsequent tax year, 2011-12, an action which will reduce Plaintiff's property *Page 5 
taxes, which was her objective for the year at issue. While the approval of the open space special assessment for the subsequent tax year will not provide relief to Plaintiff for the year under appeal, it will ameliorate her future tax burden and enable her to continue to preserve her forest.
 III. CONCLUSION
The court concludes that Plaintiffs 2.5 acre parcel of land does not qualify for forestland special assessment for the 2010-11 tax year because the predominant purpose behind Plaintiffs use of her land is not the growing and harvesting of trees of a marketable species but rather the preservation of her forest, with Plaintiff only removing trees when necessary. Accordingly, Defendant's denial of Plaintiff s application for forestland special assessment for that tax year was appropriate and is hereby upheld. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs appeal for forestland special assessment for the 2010-11 tax year is denied for the reasons set forth above.
Dated this ___ day of June 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon June 16, 2011. The Court filed and entered this documenton June 16, 2011.
[1] An acre is 43,560 square feet. According to Plaintiff, after taking into consideration topography and other environmental concerns, the city determined at least two additional lots could be developed on Plaintiff's property.
[2] All references to the Oregon Revised Statutes (ORS) are to 2009.
 *Page 1